JEAN LOUISE HARNE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harne v. Commissioner
Docket No. 35598-85.
United States Tax Court
T.C. Memo 1986-401; 1986 Tax Ct. Memo LEXIS 207; 52 T.C.M. (CCH) 295; T.C.M. (RIA) 86401; August 26, 1986. Jean Louise Harne, pro se. Welton A. Baker, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction. On April 11, 1986, respondent filed a motion to dismiss the above-entitled case for lack of jurisdiction on the ground that the petition was filed more than 90 days after the date of the mailing of the notice of deficiency. On May 15, 1986, petitioner filed a reply to respondent's motion to dismiss in which she in effect admitted that the notice of deficiency had been mailed to her at her proper address at College Park, Maryland, on April 15, 1985, and that the petition had not been filed until September 18, 1985. Petitioner in her reply argues that the time within which *208 to file her petition should be extended because "the I.R.S." repeatedly asked her not to appeal to the United States Tax Court in April, May, June and July, stating that "it was untimely because the ninety day appeal time did not begin to run until after Petitioner received a letter to be prepared" after re-examination of previous work papers of "the I.R.S." Petitioner stated that she received the letter referred to in late June or early July, 1985. She further stated that she "followed their detailed instructions to mail her appeal to their supervisor in Philadelphia, Penna, whereby, they stated to her that she might still avert the necessity of going into litigation." On July 18, 1986, petitioner filed Supplemental Objection of Petitioner to Respondent's Motion to Dismiss. In this supplemental objection, petitioner stated that she -- did miss her proper filing date for this appeal but that it was neither due to her lack of diligence nor promptness, but rather, a direct result of the misrepresentations of the Commission[er] as to the true nature and status of first, the "Notice of Deficiency," second the beginning of the tolling of the ninety day appeal period, and third *209 and finally the steps and entities through and to which the Petitioner's appeal process should have proceeded * * *. Petitioner states that the misrepresentations are explained in her attached affidavit with exhibits. [1]
Petitioner's affidavit acknowledges that on April 15 1985, respondent mailed to her a statutory notice of deficiency determining a deficiency in her income tax for the calendar year 1981 of $1,104. In this notice, the following appeared: If you want to contest this deficiency in court before making any payment, you have 90 days from the above mailing date of this letter * * * to file a petition with the United States Tax Court for a redetermination of the deficiency. The petition should be filed with the United States Tax Court, 400 Second Street NW., Washington, *210 D.C. 20217, and the copy of this letter should be attached to the petition. The time in which you must file a petition with the Court * * * is fixed by law and the Court cannot consider your case if your petition is filed late. * * * The notice of deficiency further states: "If you have questions about this letter, please write to the person whose name and address are shown on this letter." The name appearing at the top of the letter under the designation "Person to Contact" is D. Gibson, and a telephone number is given. Petitioner states that she called a Ms. Thompson who had been handling her case before the deficiency notice had been issued. Petitioner noticed the statement in the deficiency notice about appealing within "90 or 150 days as the case may be." She asked Ms. Thompson about this statement and "was given to understand that the matter was in the nature of a non-final judgment until the review had taken place and that there was room for time until a 'letter' was received stating the results of the review * * *." Petitioner states she made an appointment with Ms. Thompson to present certain documents for her review. On June 25, 1985, petitioner received a *211 letter dated June 19, 1985, informing her of the results of her conference with Ms. Thompson. The letter informed petitioner that two copies of a report supplementing the statutory notice of deficiency were enclosed and that if she cared to agree to the results of this report she should sign and return the agreement form enclosed. The last two paragraphs of this letter state: If you do not accept, you may, within the period stated in the statutory notice petition the United States Tax Court for a redetermination of your tax liability. This correspondence and consideration of your case has not extended the period in which you may file a petition with the United States Tax Court. If no petition is filed within the allotted time, we will assess the tax and bill you. At the bottom of this letter below the signature of the District Director the following appeared: Note: Per our conference on 6/19/85, please find enclosed copies of the auditor's workpapers. Your case has been returned to our Baltimore office, 90 Day Section, attention Mr. Gibson. On June 25, 1985, petitioner addressed a latter to the District Director, Internal Revenue Service, Baltimore, Maryland, attention *212 of the Appeals Division, in which she stated that she was making an appeal to the findings of the local office "of I.R.S. in Suitland, Maryland, per their letter that I received today, June 25, 1985. * * * Ms. Thompson informed me that I could appeal and that I should wait for her letter." The letter further stated that petitioner was appealing the same day she received the letter dated June 19, 1985, to which Ms. Thompson had referred. The balance of the correspondence attached to petitioner's affidavit shows that the deficiency as determined, plus interest and "penalty," was assessed against petitioner and that a notice and demand for the amount of the assessment was mailed to her. The total amount stated as due, including interest and "penalty," was $1,749.08. The final document shows that on petitioner's return for the calendar year 1985, she claimed an overpayment of $5,026.03, and that by letter dated March 17, 1986, she was informed that $1,749.08 of this claimed overpayment had been applied to the tax still due by her for the calendar year 1981 and she was being refunded $3,276.95. The record here is clear that respondent issued a proper notice of dificiency to petitioner *213 and she did not file her petition with this Court in 90 days from the date of the issuance of the notice. Therefore, unless some action by representatives of respondent amounted to a withdrawal of this notice, we lack jurisdiction to hear this case because of the untimely filing of the petition. Section 6213(a) [2] confers jurisdiction on this Court to hear cases when a timely petition is filed. This Court's jurisdiction is statutory and therefore, unless the petition is timely filed, the Court has no jurisdiction to consider the case. . After a notice of deficiency is issued to a taxpayer and prior to a petition being filed in this Court, some cases suggest that the notice may be withdrawn. See . [3] If petitioner could show some action by respondent that amounted to a withdrawal of the deficiency notice, we would have to dismiss the case on the ground that no determination *214 of deficiency had been made by respondent from which an appeal could be taken. However, the effect of such a dismissal would differ from a dismissal for lack of jurisdiction on the ground that no timely petition was filed a proper notice of deficiency. See . Accepting the facts as stated in petitioner's affidavit, it is clear that the notice of deficiency mailed April 15, 1985, was not withdrawn. In the notice of deficiency petitioner was informed that an appeal to this Court must be filed within 90 days from the date of the deficiency notice. She had conferences with someone in the Internal Revenue Service, attempting to dispose of the issues raised in the deficiency notice by agreement prior to the expiration of the 90-day period. However, a letter from respondent's representative dated June 19, 1985, which petitioner received on June 25, 1985, 20 days before the expiration of the 90-day period for filing a petition with this Court, specifically informed petitioner that the correspondence and consideration given to her case after the *215 mailing of the notice of deficiency did not extend the period within which she might file a petition with this Court. The fact that petitioner understood some employee of the Internal Revenue Service to tell her to send her appeal to the District Director in Philadelphia rather than to this Court is certainly not tantamount to a withdrawal of the notice of deficiency. Written notice was given to petitioner in the notice of deficiency and the letter of June 19, 1985, to file a petition with this Court if she wished to contest the deficiency as determined. Clearly, on this record there was no withdrawal of the notice of deficiency. This Court lacks jurisdiction to hear this case since the petition was not filed within the 90-day period from the date of the mailing of the notice. Therefore, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. Although we have disposed of the issue in this case, we point out for petitioner's benefit that because this Court did not obtain jurisdiction of her case, she is entitled to file a claim for refund of the taxes, interest, and additions to taxes paid by an offset against her claimed overpayment for the calendar year 1985. *216 When her claim has been filed, respondent will have the authority to consider any evidence she has to present tending to show error in her tax liability as determined by respondent in the notice of deficiency. An appropriate order will be entered.
Footnotes
1. In her response to respondent's motion to dismiss, petitioner asked for a hearing to enable her to establish the facts she had recited. After a review of petitioner's affidavit and the documents attached thereto, we see no reason for setting respondent's motion for hearing. In our opinion, accepting all factual statements made by petitioner as true, respondent's motion must be granted.↩
2. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
3. See also .↩